Cindy Kay BOYD, a/k/a Cindy Kay
Pense, and Gerald Keith Tibbs,
Appellants,

v.

STATE of Oklahoma, Appellee.

No. F–84–411.

Court of Criminal Appeals of Oklahoma.

Sept. 24, 1987.

Rehearing Denied Oct. 26, 1987.

Thomas Dee Frasier, Frasier & Frasier, Sidney A. Martin II, Larry Oliver & Associates, Inc., Tulsa, for appellants.

Michael C. Turpen, Atty. Gen., Hugh A. Manning, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

Cindy Kay Boyd, a/k/a Cindy Kay Pense, and Gerald Keith Tibbs, appellants, were tried by jury for the crime of Injuring a Minor Child in violation of 21 O.S.1981, § 843 in Case No. CRF–83–123 in the District Court of Rogers County. Appellants were represented by counsel. The jury returned a verdict of guilty and set punishment at twenty (20) years' imprisonment for each appellant. The trial court sentenced appellants in accordance with the jury's verdict. From this judgment and sentence, appellants appeal to this Court.

During the evening of May 16, 1983, Rachael Pense, age eighteen months, was brought by appellants to the emergency room at Claremore Indian Hospital in Claremore, Oklahoma. Dr. Jerry Manning Lyle, a pediatrician, performed an examination. During the examination, the doctor observed that the child was in a coma, suffered a stiffening of the arms and legs and an arching of the back. Dr. Lyle also noted eight bruises on the child's body. He also discovered that the child's eyes were dilated and he observed retinal hemorrhages. Dr. Lyle diagnosed the child's condition as possible child abuse.

Within thirty minutes of the examination, the child was transported by helicopter to St. Francis Hospital in Tulsa, Oklahoma. Appellants drove to St. Francis Hospital. The child was examined by Dr. James Warren Hendricks, a pediatrician. After completing his examination, Dr. Hendricks spoke with the appellants. Dr. Hendricks was working with the "S.C.A.N." team.

S.C.A.N. is the acronym for Suspected Child Abuse and Neglect.

Appellant Pense told Dr. Hendricks that she was not home when Rachael fell off the toilet and hit her head. Appellant claimed that the child fell off the toilet and bloodied her nose and bruised her face. Appellant Pense also told Dr. Hendricks that a couple days earlier, the child had fallen while trying to climb up onto the bed. She stated that Rachael fell backwards and hit her head on the wall. Appellant Pense also claimed that she was in another room when this occurred.

Appellant Tibbs also told Dr. Hendricks that he was in another room on the day when Rachael fell from the toilet. He claimed that he heard Rachael cry and that he went to check on her. He found her bleeding from the nose and face. Appellant Tibbs told Dr. Hendricks the same story concerning the bedroom incident.

At trial, Dr. Hendricks testified that it was his opinion that Rachael had been an abused and beaten child. When asked if the injuries were consistent with the accidents described by the appellants, the doctor replied, "absolutely not."

Dr. David Allen Fell, a neurosurgeon, was the treating physician for Rachael Pense. He testified that at the time of treatment, Rachael was having convulsions. He also stated that she had multiple bruises, retinal hemorrhages, and was comatose. Dr. Fell also concluded that Rachael's injuries were inconsistent with the explanation given by the appellants.

Dr. James Townely Price, Ph.D., testified for the defense. He stated that the child had suffered a stroke which was not properly diagnosed by her physicians upon her admission into the hospital.

In appellant's first assignment of error, they assert that there was insufficient evidence to support their convictions. Specifically, appellants urge that the State's circumstantial evidence did not exclude every reasonable hypothesis of innocence. In *Smith v. State*, 674 P.2d 569 (Okl.Cr.1984), this Court held that circumstantial evidence need not exclude every

hypothesis, nor must it negate every other possibility than guilt. This Court further stated that where there is competent evidence from which the jury could reasonably conclude the defendant was guilty of the crime charged against him, this Court will not interfere with the verdict, even though there is a conflict in the evidence from which different inferences may be drawn.

Furthermore, in *Spuehler v. State*, 709 P.2d 202 (Okl.Cr.1985), this Court stated that the relevant question concerning sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. Accordingly, viewing the evidence in the light most favorable to the prosecution, we conclude that there was sufficient evidence from which any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. We find this assignment of error to be without merit.

■ In their second assignment of error, appellants contend that the trial court erred in admitting into evidence five photographs of the victim. Specifically, appellants complain that any probative value of the pictures was outweighed by the prejudicial impact. However, the only evidence of the exhibits before this Court are xerox copies of the pictures in the original record. An examination of these copies reveals an insufficient record upon which we can determine the issue. It is the burden of the party urging error to present to this Court a sufficient record upon which this Court may determine the issue raised. Failure to do so waives the alleged error. *Dollar v. State*, 674 P.2d 48 (Okl.Cr.1984).

■ Appellants claim in their third assignment of error that they were denied a fair trial due to prosecutorial misconduct. Initially, appellants assert that the prosecutor improperly elicited testimony regarding the medical condition of the child after June 4, 1983. The trial court had earlier sustained a motion in limine excluding any medical evidence after June 4th. At trial, the prosecutor asked Dr. Coldwell if the

child was, "currently a patient of yours?" The doctor replied that she was. However, even though the evidence was improperly admitted, we are of the opinion that its exclusion would not have caused the jury to arrive at a different verdict. This Court has stated many times that even if there is error during a trial, this alone is not sufficient to require reversal. The error must injure the defendant and the burden is on him to establish that he was prejudiced in his substantial rights by the error. *Smith v. State*, 656 P.2d 277 (Okl.Cr.1982). The record reveals that after the statement, there was no testimony connecting the child's current condition to her prior injuries. Thus, appellants have failed to show that sufficient prejudice resulted from the testimony and therefore we find the error was harmless.

■ Appellants next argue that evidence of medical treatment after June 4th was raised again in the examination of Dr. Fell, the neurosurgeon. When asked by the prosecutor if he had a continuing involvement in Rachael Pence's case, Dr. Fell responded, "yes, I have been involved in her case all the way up through last week." In the absence of a timely objection, appellate review is waived except for fundamental error. *Abbott v. State*, 719 P.2d 1289 (Okl.Cr.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 438, 93 L.Ed.2d 386 (1986). We fail to find that the statement so fundamentally prejudiced the appellants that the trial court could not, by instructions to the jury, have corrected the error. Therefore, the error, if any, was waived.

Finally, appellants complain of comments made by the prosecutor during closing argument. However, the alleged errors are not properly before this Court due to the failure of the defense to object to any of these remarks so that the trial court could admonish the jury to disregard the prosecutor's statements. *See, VanWoundenberg v. State*, 720 P.2d 328 (Okl.Cr.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 447, 93 L.Ed.2d 395 (1986). Therefore, all but fundamental error is waived. We have reviewed each comment, but find none so grossly improper as to warrant a reversal.

■ Appellant's fourth assignment of error claims that the punishment imposed was excessive, as it was based on passion and prejudice, confusion over the instructions and that they did not deserve such a sentence.

Initially, appellants complain that the prosecutor inflamed the jury by recommending the maximum sentence of twenty years imprisonment. The prosecutor may properly recommend an appropriate sentence within the statutory range of punishment. *Mahorney v. State,* 664 P.2d 1042 (Okl.Cr.1983). After a review of the closing argument, we are unable to find that the appellants were prejudiced by the statement.

Appellant's next argue that the jury was confused over the trial court's instructions. Initially, we note that the appellants cite no relevant authority for this argument. Without relevant authority to support assertions on appeal, this Court will not consider the argument. *Sullivan v. State,* 716 P.2d 684 (Okl.Cr.1986). However, we do note that the instruction from the trial court was virtually identical to the language of the statute. As long as the instructions fairly and accurately state the applicable law, the judgment will not be disturbed. *Langdell v. State,* 657 P.2d 162 (Okl.Cr.1982).

Finally, appellants assert that their sentences of twenty years is excessive. However, the sentence is within the statutory limitation set in 21 O.S.Supp.1982, § 843. We do not find the sentence so excessive as to shock the conscience of the Court. *Shultz v. State,* 715 P.2d 485 (Okl.Cr.1986).

In their fifth assignment of error, appellants claim that the trial court erred in not allowing the defense to review evidence in the prosecutor's files. Specifically, appellants claim that the State had in its possession photographs of their home, which they claim could have aided in their defense. Appellants rely upon *Brady v. State of Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), which held that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment irrespective of the good faith or the bad faith of the prosecution.

However, we are of the opinion that *Brady* does not apply to the case at bar. This Court cannot find that the photographs of the appellants' home qualified as suppressed evidence. There is nothing in the photographs of the appellants' home which they could not have obtained for themselves. We find this assignment to be wholly meritless.

■ In appellants sixth assignment of error, they complain that their statements to Dr. Hendricks, a member of the S.C.A.N. team, were admitted into evidence in violation of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Specifically, appellants contend that because 21 O.S.1981, § 846, requires physicians to report cases of child abuse, this makes the physicians law enforcement officers. Therefore, they argue that members of the S.C.A.N. team are the equivalent of law enforcement officers for this purpose, and that the doctor who inquired as to the history of the child's injuries was performing custodial interrogation.

We are not persuaded. Title 21 O.S. 1981, § 846 requires every citizen to report suspected cases of child abuse. Moreover, it states that a report of child abuse should contain the nature and extent of the child's injuries and any other information that the maker of the report believes might be helpful in establishing the cause of the injuries and the identity of the person or persons responsible therefor if such information is known to the person making the report. We are unable to find the actions of the S.C.A.N. team to be the equivalent of law enforcement officers. Therefore, we find that *Miranda* does not apply, and that the testimony of Dr. Hendricks was admissible.

■ In their seventh assignment of error, appellants contend that the trial court erred when it failed to grant a severance to them. This Court has consistently recognized that it is in the interest of both justice and economy to jointly charge and try those alleged to have participated in the

same criminal act, and has urged trial courts to do so whenever possible. *Menefee v. State*, 640 P.2d 1381 (Okl.Cr.1982). The decision to grant or deny severance is left to the sound discretion of the trial court, and absent abuse resulting in prejudice to the defendant, the decision will not be disturbed on appeal. *Master v. State*, 702 P.2d 375 (Okl.Cr.1985). We have reviewed the record and we fail to find any prejudice suffered by the appellants during the joint trial. Their defenses were not inconsistent.

Appellants further argue that they were denied the use of all five of their peremptory challenges. However, a transcript of the voir dire proceedings was not made available to this Court for review. It is the defendant's burden to provide a sufficient record from which to review the issue and decide it. *Dollar v. State*, 674 P.2d 48 (Okl.Cr.1984).

In their final assignment of error, appellants claim that the cumulative effect of all errors denied them a fair trial. In *Brinlee v. State*, 543 P.2d 744 (Okl.Cr.1976), this Court held that if the previous assignments of error are without merit, it follows that the proposition which asks that the previous propositions be considered collectively would also be without merit. Therefore, since we have found all the assignments of error to be without merit, it follows that this assignment is similarly without merit.

The judgment and sentence is AFFIRMED.

BUSSEY and PARKS, JJ., concur.