STATE of Oklahoma, Appellant,

v.

Joseph M. URIARITE, Appellee.

No. S–90–1127.

Court of Criminal Appeals of Oklahoma.

July 16, 1991.

Craig D. Corgan, Dist. Atty., Perry W. Newman, Asst. Dist. Atty., Bartlesville, for appellant.

Richard G. Harris, Harris & Akers, Bartlesville, for appellee.

## OPINION

JOHNSON, Judge:

Pursuant to 22 O.S.1981, § 1053(3), the State appeals a ruling of the Honorable Janice P. Dreiling, Associate District Judge for Washington County, which led to the dismissal of charges against appellee for Unlawful Distribution of Methamphetamine (CRF–89–374) and Unlawful Possession of Methamphetamine with Intent to Distribute (CRF–89–373).

On November 30, 1989, the appellee and two co-defendants were arrested by members of the Oklahoma Bureau of Narcotics and Dangerous Drugs, the Bartlesville Police Department and the Washington County Sheriff's Office. The arrests were the result of an undercover purchase of ⅛th ounce of Methamphetamine from the appellee, and as a result of locating 168.8 grams of Methamphetamine pursuant to the execution of a search warrant issued for the appellee's residence. The sale and possession of these drugs occurred at the appellee's residence, which was located within 1000 feet of the Wilson Public Elementary School in Bartlesville, Oklahoma.

On December 1, 1989, the appellee was arraigned on seven (7) felony charges: (1) Knowingly Withholding Stolen Property, (2) Unlawful Possession of Methamphetamine with Intent to Distribute, (3) Unlawful Possession of Methamphetamine with Intent to Distribute within 1000 Feet of a School Ground, (4) Unlawful Distribution of Methamphetamine, (5) Unlawful Distribution of Methamphetamine within 1000 Feet of a School Ground, (6) Trafficking in Methamphetamine, and (7) Trafficking in Methamphetamine within 1000 Feet of a School Ground.

On January 31, 1990, the appellee was arraigned on the second page of the Information, and his preliminary hearing was concluded. The Knowingly Withholding Stolen Property charge (Charge 1) was dismissed for failure of the State's witness to appear. The appellee was bound over for trial on the six (6) remaining drug charges. On February 20, 1990, the appellee and his attorney appeared at the formal arraignment and entered a plea of not guilty.

On April 30, 1990, at a motion hearing, the State agreed to dismiss Trafficking within 1000 Feet of a School Ground (CRF–89–376) as an improper charge. After further argument, the Honorable Janice P. Drieling dismissed the charge of Unlawful Distribution of Methamphetamine (Charge 4) as a lesser included offense of Unlawful Distribution of Methamphetamine within 1000 Feet of a School Ground (Charge 5) and also dismissed the charge of Unlawful Possession of Methamphetamine with Intent to Distribute (Charge 2) as a lesser included offense of Unlawful Possession of Methamphetamine with Intent to Distribute within 1000 Feet of a School Ground (Charge 3). The State gave its notice of intent to appeal upon a reserved question of law.

On May 3, 1990, the appellee appeared before the District Court and waived his right to a jury trial. The appellee entered a plea of guilty to Unlawful Distribution of Methamphetamine within 1000 Feet of a School Ground (Charge 5) and was sentenced to twenty (20) years incarceration. The appellee also entered a plea of guilty to the amended charge of Unlawful Possession of Methamphetamine with Intent to Distribute (CRF–89–378) and was sentenced to thirty (30) years incarceration, with ten (10) years suspended. The charge of Trafficking in Methamphetamine (Charge 6) was dismissed pursuant to plea negotiations.

The single issue before this Court on this appeal is whether 63 O.S.Supp.1989, § 2–401, Unlawful Possession of Controlled Dangerous Substance With Intent to Distribute is a lesser included offense of 63 O.S.Supp.1989, § 2–401A, Unlawful Possession of Controlled Dangerous Substance

with Intent to Distribute within 1000 Feet of a School Ground.

■ A lesser included offense is a part of the greater offense and the establishment of the essential elements of the greater offense necessarily establishes all the elements required to prove the lesser included offense. *People v. Nhan Dao Van,* 681 P.2d 932, 934 (Colo.1984). Stated another way, an offense is a lesser included one only where the greater offense cannot be committed without necessarily committing the lesser. *State v. Amarillas,* 141 Ariz. 620, 623, 688 P.2d 628, 631 (1984). *See also State v. Burnett,* 221 Kan. 40, 558 P.2d 1087, 1091 (1976); *United States v. Warren,* 535 F.Supp. 1102, 1104 (E.D.N.C.1982), *modified on other grounds,* 701 F.2d 1095 (4th Cir.1983); *United States v. Raborn,* 575 F.2d 688, 691 (9th Cir.1978) and *United States v. Barket,* 530 F.2d 181, 187 (8th Cir.1976), *cert. denied,* 429 U.S. 917, 97 S.Ct. 308, 50 L.Ed.2d 282 (1976).

The criminal offense of Unlawful Possession of Controlled Dangerous Substance with Intent to Distribute While on School Property, 63 O.S.Supp.1989, § 2–401A, requires that each relevant element of Unlawful Possession of Controlled Dangerous Substance with Intent to Distribute, 63 O.S.Supp.1989, § 2–401, be proven along with the additional element of "while on any school property used for school purposes which is owned by any private school, public school district, or vocational-technical school district, or within one thousand (1,000) feet of any such school property ..." It is also clear that 63 O.S.Supp.1989, § 2–401 does not require any additional element not needed to constitute a crime under 63 O.S.Supp.1989, § 2–401(A).

We therefore find that 63 O.S.Supp.1989, § 2–401, Unlawful Possession of Controlled Dangerous Substance with Intent to Distribute, is a lesser included offense of 63 O.S.Supp.1989, § 2–401A, Unlawful Possession of Controlled Dangerous Substance with Intent to Distribute While on School Property.

■ The State argues that such a holding is in direct contravention of the Legislature's intent, expressed in 63 O.S.Supp. 1989, § 2–401A(D), which states:

A conviction arising under this section shall not merge with a conviction pursuant to Section 2–401 of Title 63 of the Oklahoma Statutes.

The term "merger" has been defined as the "[a]bsorption of ... [an] offense into a greater one." *Webster's II New Riverside University Dictionary* 743 (1988). Furthermore, it has been held that a lesser offense is deemed "merged" into a greater offense, thereby precluding multiple punishments. *United States v. Pulawa,* 532 F.2d 1301, 1302 (9th Cir.1976).

This Court finds, that if enacting Section 2–401A(D) the Legislature intended that a conviction under that section shall not be absorbed into a conviction under Section 2–401, thereby permitting a single act which violates both provisions to be prosecuted and punished under both provisions, such a procedure would clearly subject a defendant to double punishment in violation of the Double Jeopardy Clause of both the Federal and Oklahoma Constitutions, because the two sections do not each require proof which the other does not. *King v. State,* 640 P.2d 983, 985 (Okl.Cr.1982). *See also Ashinsky v. State,* 780 P.2d 201, 208 (Okl.Cr.1989). Accordingly, where a single act constitutes a violation of both Section 2–401 and Section 2–401A, any application of Section 2–401A(D) would violate a defendant's constitutional right to be free from double punishment.

On the other hand, if the Legislature intended that a conviction under 2–401A(D) will not merge with a conviction under Section 2–401 where the violations arise from "separate and distinct acts," such would be unnecessary as convictions arising from separate and distinct acts do not merge. *See King v. State,* 640 P.2d 983, 985 (Okl. Cr.1982).

Thus, we find that Section 2–401A(D) in no way passes constitutional muster. Finding no severance clause within 63 O.S.Supp.1989, § 2–401A, we are left with no option but to hold that the entire section is unconstitutional. We find, however, that

such a holding leaves no gap in the statutes because the same criminal conduct is proscribed in 63 O.S.Supp.1989, § 2–401, which requires less proof on behalf of the State and happens to provide a substantially greater potential punishment.

For the foregoing reasons, the order of the District Court is AFFIRMED. Lane, P.J., Lumpkin, V.P.J. Brett and Parks, JJ., concur.