OSCN Found Document:STATE v. TUBBY

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 STATE v. TUBBY
2016 OK CR 17
Case Number: S-2015-605
Decided: 08/03/2016
STATE OF OKLAHOMA, Appellant, v. MICHAEL WAYNE TUBBY and RUSTY LLOYD WOOTEN, Appellees.
Cite as: 2016 OK CR 17, __ __

 



 





SUMMARY OPINION







LUMPKIN, VICE PRESIDING JUDGE:



¶1 The State charged Appellees, Michal Wayne Tubby and Rusty Lloyd Wooten, with Murder in the First Degree-Felony Murder (Count 1) (21 O.S.Supp.2012, § 701.7(B)), in the District Court of Cleveland County Case Numbers CF-2014-582 and CF-2014-587.[1] The Honorable Lori Walkley, District Judge, joined the cases for trial and conducted a jury trial between the 15th and 25th days of June, 2015. Appellees requested an instruction for Accessory to First Degree Felony Murder (21 O.S.2011, § 175(5)) as a lesser offense to the charged offense. Over the State's objection, the District Court instructed the jury that Accessory to First Degree Felony Murder was a lesser included offense to First Degree Felony Murder. The jury acquitted Appellees of First Degree Felony Murder and convicted them of Accessory to First Degree Felony Murder. Appellees did not appeal and their convictions have become final.[2] The State now appeals on a reserved question of law pursuant to 22 O.S.2011, § 1053(3).


¶2 Section 1053(3) provides that the State may appeal "[u]pon a question reserved by the state or a municipality." To pursue an appeal on a reserved question of law, there must be a judgment of acquittal or an order of the court which expressly bars further prosecution. State v. Campbell, 1998 OK CR 38, ¶ 8, 965 P.2d 991, 992.


¶3 The State seeks to clarify whether Accessory to First Degree Felony Murder is a legally recognized lesser included offense of First Degree Felony Murder. A state appeal on a reserved question of law solely addresses the precise legal issue reserved. State v. Anderson, 1998 OK CR 67, ¶ 2, 972 P.2d 32, 33; State v. Harp, 1969 OK CR 207, ¶ 2, 457 P.2d 800, 805. This Court reviews issues of law de novo. King v. State, 2008 OK CR 13, ¶ 4, 182 P.3d 842, 843; Seabolt v. State, 2006 OK CR 50, ¶ 15, 152 P.3d 235, 241 (Lumpkin, V.P.J., Dissenting).


¶4 Whether any particular offense is a lesser included offense depends upon which lesser included offense test or approach is utilized and whether the trial evidence warrants the instruction. Davis v. State, 2011 OK CR 29, ¶ 101, 268 P.3d 86, 115 (citing Shrum v. State, 1999 OK CR 41, ¶ 7, 991 P.2d 1032, 1035). "This two part analysis first requires courts to make a legal determination about whether a crime constitutes a lesser included offense of the charged crime or whether it is legally possible for the charged crime to include a lesser included offense." Shrum, 1999 OK CR 41, ¶ 7, 268 P.3d at 1035 (citations, brackets and quotations omitted).


¶5 Citing Cummings v. State, 1998 OK CR 45, 968 P.2d 821, the State argues that Accessory to First Degree Felony Murder does not pass the "elements test." This Court had traditionally looked to the statutory elements of the charged crime and any lesser degree of crime to determine the existence of any lesser included offenses. See Willingham v. State, 1997 OK CR 62, ¶ 19, 947 P.2d 1074, 1080; State v. Uriarite, 1991 OK CR 80, ¶ 8, 815 P.2d 193, 195. Under this test, the elements of the lesser offense must necessarily be included in the charged offense to constitute a legally recognized lesser included offense. Id.


¶6 Using the elements test, this Court has concluded that the offense of accessory after the fact is a separate substantive offense and not a lesser offense of the charged felony. Cummings, 1998 OK CR 45, ¶ 40, 968 P.2d at 834; VanWoundenberg v. State, 1986 OK CR 81, ¶ 17, 720 P.2d 328, 335; Wilson v. State, 1976 OK CR 167, ¶ 14, 552 P.2d 1404, 1406. Establishment of the elements of First Degree Felony Murder does not necessarily establish all the required elements of Accessory to First Degree Felony Murder. Inst. Nos. 2-2, 4-64, OUJI-CR(2d) (Supp.2013). Therefore, the offense of Accessory to First Degree Felony Murder is not a necessarily included offense to First Degree Felony Murder.


¶7 However, in Shrum,[3] a majority of this Court determined the "strict statutory elements approach" was too narrow and inflexible and broadened the rule to include situations "where the lesser and greater offense are in the same class of offenses and are closely or inherently related, but the elements do not satisfy the strict statutory elements test." Shrum, 1999 OK CR 41, ¶¶ 7-9, 991 P.2d at 1036. While Shrum did not ignore statutory elements, the Court concluded that the "evidence test" or reliance on "the crimes the trial evidence tends to prove" was the better approach in determining whether an offense was a lesser included or lesser related offense. Id. 1999 OK CR 41, ¶¶ 9-10, 991 P.2d at 1036. Under this test, a lesser included instruction is warranted when there is prima facie evidence of the lesser offense presented at trial. Davis, 2011 OK CR 29, ¶ 101, 268 P.3d at 116. Prima facie evidence of a lesser included offense is that evidence which would allow a jury rationally to find the accused guilty of the lesser offense and acquit him of the greater. Id.


¶8 In Glossip v. State, 2001 OK CR 21, ¶ 29, 29 P.3d 597, 604, we applied the Shrum test and determined that Accessory After the Fact was a related offense to Murder in the First Degree. As prima facie evidence of Accessory After the Fact had been shown and this was the appellant's theory of defense, this Court concluded that the trial court erred when it failed to instruct upon the lesser offense of Accessory After the Fact. Id.


¶9 In Miller v. State, 2013 OK CR 11, ¶¶ 138-40, 313 P.3d 934, 980-81, this Court found that the trial court had properly declined to instruct the jury on the lesser offense of Accessory After the Fact to First Degree Murder. Noting that the appellant's defense was total innocence and not that he was an accessory after the fact, this Court distinguished Glossip on the basis that the evidence did not establish a prima facie case of Accessory After the Fact to First Degree Murder. Id., 2013 OK CR 11, ¶¶ 138-40, 313 P.3d at 980-81.[4]


¶10 Turning to the present case, we are unable to determine whether Accessory to First Degree Felony Murder was a legally recognized lesser included offense. The State did not designate those portions of the trial transcript containing the evidence at trial. Instead, the State designated the jury instruction conferences. Because the determination whether an offense is a legally recognized lesser included offense is based upon the crimes the trial evidence tends to prove we find that the State has failed to ensure a sufficient record to determine the question raised on appeal. Hiler v. State, 1990 OK CR 54, ¶ 12, 796 P.2d 346, 350 (holding it is the appellant's duty to ensure sufficient record provided to determine issues raised on appeal); Chambers v. State, 1988 OK CR 255, ¶ 6, 764 P.2d 536, 537 (refusing to determine issue based on insufficient record); Dollar v. State, 1984 OK CR 1, ¶ 7, 674 P.2d 48, 50 (finding record insufficient for determination of issue). Therefore, we find that the State has waived review of this question. Hill v. State, 1995 OK CR 28, ¶ 10, 898 P.2d 155, 160 (Failure to provide adequate record waives review of the issue); Boyd v. State, 1987 OK CR 211, ¶ 11, 743 P.2d 674, 676 (finding issue waived where appellant failed to present sufficient record upon which to determine the issue).


 


¶11 In reaching the conclusion that this matter should be dismissed, we find that further examination of this matter will not provide any additional insight into the determination whether an offense is a legally recognizable lesser included offense other than that set forth above. Because the analysis is based upon the crimes the trial evidence tends to prove, this determination will always be fact specific and vary from case to case. As such, supplementation of the record pursuant to Rule 3.11, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2015), is neither necessary nor in the best interests of justice. See Anderson, 1998 OK CR 67, ¶ 2, 972 P.2d at 33 (recognizing that determination of applicability of law to a given set of facts was inconsistent with purpose of State's right to appeal upon a Reserved Question of Law).


¶12 We further find that there are additional deficiencies in the record on appeal. The trial court's final order or Judgment and Sentence has not been included in the original record as required by Rule 2.2(A) Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2015). Nothing in the record reflects that the State gave notice of its intent to appeal in open court as required by Rule 2.1(D), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2015). Accordingly, we find that this matter should be dismissed.


DECISION


¶13 This appeal is DISMISSED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2016), the MANDATE is ORDERED issued upon the delivery and filing of this decision.


AN APPEAL FROM THE DISTRICT COURT OF CLEVELAND COUNTY
THE HONORABLE LORI WALKLEY, DISTRICT JUDGE



 
 

 
APPEARANCES AT TRIAL
 
APPEARANCES ON APPEAL
 
 

 
JENNIFER AUSTIN
 
JENNIFER AUSTIN
 
 

 
CHRISTY MILLLER
 
CHRISTY MILLLER
 
 

 
ASSISTANT DISTRICT ATTORNEYS
 
ASSISTANT DISTRICT ATTORNEYS
 
 

 
201 S. JONES, STE 300
 
201 S. JONES, STE 300
 
 

 
NORMAN, OK 73069
 
NORMAN, OK 73069
 
 

 
COUNSEL FOR THE STATE
 
COUNSEL FOR APPELLANT
 
 

 
 
 
 
 
 

 
SAMUEL L. TALLEY
 
RICKI J. WALTERSCHEID
 
 

 
ATTORNEY AT LAW
 
APPELLATE DEFENSE COUNSEL
 
 

 
219 E. MAIN STREET
 
P.O. BOX 926
 
 

 
NORMAN, OK 73069
 
NORMAN, OK 73070
 
 

 
COUNSEL FOR DEFENDANT TUBBY
 
COUNSEL FOR APPELLEES
 
 

 
 
 
 
 
 

 
DAVID SMITH
 
 
 
 

 
ATTORNEY AT LAW
 
 
 
 

 
216 E. EUFAULA
 
 
 
 

 
NORMAN, OK 73069
 
 
 
 

 
COUNSEL FOR DEFENDANT WOOTEN
 
 
 
 





OPINION BY: LUMPKIN, V.P.J.
SMITH, P.J.: Concur in Results
JOHNSON, J.: Concur
LEWIS, J.: Concur in Results
HUDSON, J.: Specially Concur





FOOTNOTES




[1] The State also charged Appellees with Robbery With a Dangerous Weapon (Count 2) (21 O.S.2011, § 801) and Burglary in the First Degree (Count 3) (21 O.S.2011, § 1431). The magistrate sustained Appellees' demurrer to Count 2 at preliminary hearing. The jury acquitted Appellees of Count 3 at trial but found Wooten guilty of the lesser included offense of Breaking and Entering (21 O.S.2011, § 1438).





[2] The jury recommended as punishment for Tubby, imprisonment for twelve (12) years. The trial court sentenced accordingly. The jury recommended as punishment for Wooten, imprisonment for twenty-three (23) years in Count 1 and incarceration for one (1) year in the county jail in Count 3. The trial court sentenced accordingly and ordered the sentences to run concurrently.





[3] Shrum is the current precedent this Court must apply, however, I continue to doubt its viability. This case reflects the unintentional mischief the lack of an objective criteria creates in our District Courts, i.e., it becomes a subjective "feeling" test rather than an objective legal analysis which can be equally and consistently applied. Shrum v. State, 1999 OK CR 41, ¶¶ 3-8, 991 P.2d 1032, 1038 (Lumpkin, V.P.J, concurring in results). This Court should adopt the test that I outlined in footnote 6 of Davis v. State, 2011 OK CR 29, ¶ 101 n. 6, 268 P.3d 86, 115 n. 6.





[4] This Court has consistently held that a defendant is entitled to an instruction on his theory of defense where there is evidence to support it, as long as that theory is tenable as a matter of law. Kinsey v. State, 1990 OK CR 64, ¶¶ 8-9, 798 P.2d 630, 632-33. A theory of defense instruction must embrace a defense recognized in law, which either exonerates guilt or reduces the charge to a lesser included offense. Id.; Davis, 2011 OK CR 29, ¶ 94, 268 P.3d at 114. A theory of defense instruction is properly refused if there is insufficient evidence to support it. Id.; Davis, 2011 OK CR 29, ¶ 94, 268 P.3d at 114.





 



 






HUDSON, JUDGE: SPECIALLY CONCUR



¶1 The State seeks clarification regarding whether Accessory to First Degree Felony Murder is a legally recognized lesser included offense of First Degree Felony Murder. The question posed, however, is an elusive one in which a definitive legal answer cannot be provided. As the majority aptly observes, resolution of this issue hinges upon the prima facie evidence presented at trial of the purported lesser included offense. Davis v. State, 2011 OK CR 29, ¶ 101, 268 P.3d 86, 116. The pivotal question being whether evidence was presented that "would allow a jury rationally to find the accused guilty of the lesser offense and acquit him of the greater." Id. Resolution of this issue will always be fact dependent, and hence, must be decided on a case by case basis. Therefore, as further examination of this issue in the present matter will not provide the State the conclusive answer it seeks, I concur.








 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1988 OK CR 255, 764 P.2d 536, CHAMBERS v. STATE
Discussed
 1990 OK CR 54, 796 P.2d 346, HILER v. STATE
Discussed
 1990 OK CR 64, 798 P.2d 630, KINSEY v. STATE
Discussed
 1991 OK CR 80, 815 P.2d 193, STATE v. URIARITE
Discussed
 1995 OK CR 28, 898 P.2d 155, HILL v. STATE
Discussed
 2001 OK CR 21, 29 P.3d 597, 72 OBJ 2146, GLOSSIP v. STATE
Discussed
 1999 OK CR 41, 991 P.2d 1032, Shrum v. State
Discussed at Length
 2006 OK CR 50, 152 P.3d 235, SEABOLT v. STATE
Discussed
 2008 OK CR 13, 182 P.3d 842, KING v. STATE
Discussed
 2011 OK CR 29, 268 P.3d 86, DAVIS v. STATE
Discussed at Length
 2013 OK CR 11, 313 P.3d 934, MILLER v. STATE
Discussed at Length
 1969 OK CR 207, 457 P.2d 800, STATE v. HARP
Discussed
 1997 OK CR 62, 947 P.2d 1074, 68 OBJ 3542, Willingham v. State
Discussed
 1998 OK CR 45, 968 P.2d 821, 69 OBJ 2901, Cummings v. State
Discussed at Length
 1998 OK CR 38, 965 P.2d 991, 69 OBJ 2898, State v. Campbell
Discussed
 1984 OK CR 1, 674 P.2d 48, DOLLAR v. STATE
Discussed
 1998 OK CR 67, 972 P.2d 32, 70 OBJ 789, State v. Anderson
Discussed at Length
 1986 OK CR 81, 720 P.2d 328, VanWOUNDENBERG v. STATE
Discussed
 1987 OK CR 211, 743 P.2d 674, BOYD v. STATE
Discussed
 1976 OK CR 167, 552 P.2d 1404, WILSON v. STATE
Discussed
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 175, Accessory to Felony - Punishment
Cited
 21 O.S. 701.7, Murder in the First Degree
Cited
 21 O.S. 801, Robbery or Attempted Robbery with Dangerous Weapon or Imitation Firearm - Punishment
Cited
 21 O.S. 1431, Burglary in First Degree
Cited
 21 O.S. 1438, Penalty for Entering with Intent to Commit a Felony, Larceny, or Malicious Mischief-Breaking and Entering Without Permission
Cited
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 1053, State or Municipality May Appeal in What Cases
Cited