**Jack Lauren MARTIN, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–84–837.**

Court of Criminal Appeals of Oklahoma.

Feb. 14, 1986.

DeVilliers & DeVilliers, Inc., W. Rodney DeVilliers, Sr., Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

**OPINION**

BUSSEY, Judge:

The appellant, Jack Lauren Martin, appeals from his conviction in the District Court of Oklahoma County, Case No. CRF–83–3244, where in accordance with the jury's verdict, he was sentenced to a term of life imprisonment on six counts with the

sentences to run concurrently, for the crime of Solicitation for Murder in the First Degree After Former Conviction of a Felony.

Since this case must be reversed and remanded for a new trial, we deem it unnecessary to set forth all the facts and address only the error which requires reversal.

The uncontraverted facts are that after both sides had presented evidence, the court had instructed the jury, the attorneys had presented their arguments, and the jury had retired to deliberate, unauthorized communication occurred between the bailiff and the jury in violation of 22 O.S.1981, § 857, prior to the jury arriving at a verdict. Thereafter, the jury returned a verdict finding the appellant guilty and recommended life imprisonment on all counts. After the jury had returned a verdict, and apparently realizing that unauthorized communication had taken place, the bailiff, to whom the charge of the jury had been committed, attempted to recall the questions which had been asked by the jurors and the answers that he had given. He then reduced what he remembered to writing.

Subsequently, the unauthorized communications were called to the attention of the trial judge and the attorneys prior to the hearing on the motion for new trial. At the hearing on the motion for new trial, counsel for appellant called the bailiff to testify, and the bailiff identified the questions and answers appearing in his written memo to the judge as the same questions and answers that had taken place between he and the jurors. The memo was marked and admitted for identification without objection by the State. Most of the questions asked by the jurors concerning the case were answered by the bailiff "that's for you to decide" or "I don't know." However, when asked "on instruction # 18 what is the difference between paragraph 1 and 2?" the bailiff recalled responding "they set forth different [sic] on punishment." After reviewing instruction # 18 in the record we find that it relates to evidence of

the appellant's alleged previous misconduct, but does not mention anything about punishment. However, instruction # 22 does refer to punishment. From the response given, the effect of the unauthorized communication is not entirely clear. The Assistant District Attorney testified at the hearing on the motion for new trial that he contacted five members of the jury panel who informed him that their decision as to the appellant's guilt or innocence was decided before the bailiff entered the jury room.

█  It is well settled that any unauthorized communication to a juror during deliberations is presumed prejudicial with the burden clearly on the State to prove defendant was not prejudiced by a violation of 22 O.S.1981, § 857, which forbids illegal communications with jurors during their deliberations. *Sheker v. State*, 644 P.2d 560, 564 (Okl.Cr.1982). The following statement was made by the Assistant District Attorney, at the hearing on the motion for new trial, to rebut the presumed prejudice against the appellant:

I called five members of the jury panel trying to find out whether the bailiff had done anything improper when he was summoned about thirty minutes after the jury retired to that jury room. All five said the same thing, that the decision rendered in this case to guilt or innocence was rendered in the first twenty minutes before the bailiff was called up. That the only question that they had, the relevant question that they had concerning the proceedings of trial had to do with pardon or parole or something of that nature and the response from Clark Green is that is not for you to consider.

In our opinion, this statement is not sufficient to show that the appellant was not prejudiced by the unauthorized communications and therefore does not overcome the presumed prejudice against the appellant.

The State cites a number of cases, which are distinguishable from the instant case, to support its argument of overcoming any presumed prejudice against the appellant. The first case, *Grayson v. State*, 687 P.2d

**604**

747, 750 (Okl.Cr.1984), involves the trial judge answering two interrogatories from the jury by giving correct responses that were limited in scope and essentially the same as would have been given had the statute been strictly followed. In the next case, *Boyd v. State*, 572 P.2d 276, 280 (Okl.Cr.1977), a supplementary instruction was submitted to the jury in written form. It also appeared that said communication was reduced to writing apparently in the presence of both counsel for the State and appellant. In another case, *Wilson v. State*, 534 P.2d 1325 (Okl.Cr.1975), the jury was told by the trial judge in response to a jury question relayed to him by the bailiff, to rely on the court's instructions. The failure to call the jury back into the courtroom to so advise them even though a technical violation of the statute did not prejudice the defendant. In *Clonce v. State*, 588 P.2d 584 (Okl.Cr.1978), the deliberating jury returned to open court with both State and defense attorneys present to ask some questions. The judge advised the jury that if they had any more questions they could communicate with the court in writing. The defense attorney was present when the judge made this statement and did not object. Thereafter written questions were received and correctly answered. In another case, *Goodson v. State*, 562 P.2d 521, 526 (Okl.Cr. 1977), the jury was called back into court, where, in absence of the defendant, the court correctly responded to the jury's single question on one of the court's instructions. Finally, in *Sheker v. State*, 644 P.2d 560, 564 (Okl.Cr.1982), third parties were discussing the case while dining at the same place and time as the jury. The jurors were later brought into court and from their testimony it was concluded that none of the jurors heard the third parties' conversation.

■ In the present case the State's only means of overcoming the presumption of prejudice was to have the members of the jury testify that the bailiff clearly conformed with the strict observance of 22 O.S.1981, § 857. Absent this requirement, the extent and effect of the unauthorized communication is not entirely clear.

In light of the fact that the provisions of 22 O.S.1981, § 857 have not been complied with, this case is REVERSED and REMANDED for a new trial.

PARKS, P.J. and BRETT, J., concur.