Keith DeWayne JOHNSON, a/k/a Keith Muse, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–85–704.

Court of Criminal Appeals of Oklahoma.

Feb. 24, 1988.

Terry J. Hull, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., M. Caroline Emerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Keith DeWayne Johnson, was tried and convicted in the District Court of Jackson County of the crimes of Assault With a Dangerous Weapon After Former Conviction of a Felony (Count I), and Feloniously Carrying a Firearm (Count

II) and was sentenced to twelve (12) years imprisonment on Count I and four (4) years imprisonment on Count II, the sentences to run consecutively, and he appeals.

Briefly stated, the facts are that on the morning of August 25, 1984, appellant went to his girlfriend's grandmother's house where he threatened his girlfriend with a .25 caliber automatic pistol, pointed the pistol at her, fired the pistol twice over his shoulder as he forced her into his car, and assaulted her with his fists.

In his first assignment of error, appellant contends that his sentence is excessive and was imposed due to improper prosecutorial comments. However, since appellant failed to object to any of the alleged erroneous comments, all error has been waived except that of a fundamental nature. *Raymond v. State*, 717 P.2d 1147 (Okl.Cr.1986). We find that none of the remarks was of such a nature that it could not have been cured had appellant objected and requested the trial court to admonish the jury. Therefore, we decline to modify appellant's sentence. This assignment is groundless.

Appellant next alleges that the jury was improperly and deliberately exposed to other crimes evidence in the guilt stage of trial when one of the witnesses testified that he observed appellant shoot at his uncle with a small automatic pistol just a few minutes prior to the time that appellant assaulted his girlfriend. We disagree. This Court has held that evidence of other crimes may be admitted to show the character of the offense charged when the offenses are so proximate to one another in time and space as to form part of the entire transaction. *Wahid v. State*, 716 P.2d 678 (Okl.Cr.1986), cert. denied 476 U.S. 1173, 106 S.Ct. 2899, 90 L.Ed.2d 985. In the present case, we are of the opinion that the evidence that appellant shot at his uncle with a small automatic pistol minutes before shooting at his girlfriend was properly admitted as part of the entire transaction. Furthermore, evidence that appellant, a convicted felon, was in possession of a firearm at his uncle's house was relevant evi-

dence regarding appellant's possession of a firearm which is an element of the offense of Feloniously Carrying a Firearm. This contention is accordingly denied.

The judgments and sentences are AFFIRMED.

BRETT, P.J., and PARKS, J., concur.