
James Edward BLAKE, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-87-491.

Court of Criminal Appeals of Oklahoma.

Nov. 23, 1988.

Edward L. Moore, Jr., Tulsa, for appellant.

Robert H. Henry, Atty. Gen., M. Caroline Emerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

The appellant, James Edward Blake, was tried by jury and convicted of Robbery With Firearms (21 O.S.1981, § 801), and Shooting With Intent to Kill (21 O.S.1981, § 652), in Tulsa County District Court, Case No. CRF-86-2765, before the Honorable Joe Jennings, District Judge. The jury set punishment respectively at fifty (50) and one-hundred fifty (150) years imprisonment, and judgment and sentence was imposed accordingly, the sentences to run consecutively. We affirm.

On March 7, 1985, around 1:00 p.m. as William Meyer was leaving a Wendy's Restaurant in Tulsa, Oklahoma, a black male confronted him in the parking lot, grabbed the two sacks of food he was carrying, valued at around thirty-two dollars ($32.00), pulled a .22 caliber snubnose handgun, stuck it in Meyer's face, said "I'm going to kill you," and then shot at Meyer twice, hitting him in the chest once. The assail-

ant then escaped with the food. Mr. Meyer identified appellant as the man who robbed and shot him. Leigh Miller, appellant's girlfriend, testified that during her relationship with appellant, he told her he had robbed a Wendy's in Tulsa, and had shot and killed a man. Sheila Stafford, a Wendy's employee, identified appellant as the black man she saw rob and shoot Mr. Meyer. Henryetta Mullins, another Wendy's employee, testified on behalf of the defense that appellant was not the same black man who robbed Mr. Meyer. Appellant took the stand and denied being in the Wendy's parking lot on the day of the crime.

## I.

Appellant first claims the trial court erred in admitting the testimony of Leigh Miller because she was his common-law wife. The trial court rejected defense counsel's offer of proof asserting there was a common law marriage relationship between Ms. Miller and appellant at the time appellant purportedly told Ms. Miller he had robbed, shot and killed a man at a Wendy's restaurant in Tulsa.

An accused in a criminal proceeding has a privilege to prevent his spouse from testifying concerning any confidential communication between the accused and the spouse, within the perimeters of 12 O.S.1981, § 2504. Section 2504 "draws no distinction between types of marriage and, therefore, as was true under prior Oklahoma law, the privilege would apply equally to common law and ceremonial marriages." K. McKinney, *Privileges*, 32 Okla.L.Rev. 307, 326 (1979) (footnote omitted). "The requirement of a valid marriage, may be satisfied by a valid common law marriage, if it can be proved...." *McCormick on Evidence* § 81, at 195 (E. Cleary 3d ed. 1984) (footnote omitted). "A party asserting a common law marriage must prove the following elements: an actual and mutual agreement between the spouses to be husband and wife; a permanent relationship; an exclusive relationship, proved by cohabitation as man and wife; and the parties to the marriage must hold themselves out publicly as man and wife.... A common

law marriage must be established by evidence that is clear and convincing." *Matter of Estate of Stinchcomb*, 674 P.2d 26, 28–29 (Okla.1983).

■ Appellant testified at trial, but not regarding the alleged common law marriage. Le Ann Avilla, an acquaintance of Ms. Miller and appellant, testified Ms. Miller told her appellant and Miller had a common law marriage, but that appellant disagreed. Ms. Miller admitted living with appellant for more than nine (9) months, but described their relationship as boyfriend-girlfriend, and not as a marriage relationship. She testified they never had a joint checking account, never had any utilities in their names, and that she never considered herself married to appellant. We hold the testimony presented at trial was insufficient to establish the elements of a valid common law marriage by clear and convincing evidence. *Stinchcomb*, 674 P.2d at 29; *Nichols v. State*, 50 Okl.Crim. 409, 298 P. 886, 888–89 (1931). Accordingly, the trial court did not err in allowing Ms. Miller to testify at trial. This assignment is meritless.

## II.

In his final assignment, appellant claims he was denied effective assistance of counsel at trial. Appellant complains defense counsel failed to cross-examine Ms. Miller, and present available testimony, to establish a common law marriage between appellant and Ms. Miller, failed to adequately use the preliminary hearing transcript to cross-examine the victim, and improperly recross-examined Miller concerning her accusations that appellant raped, kidnapped and assaulted her.

■ Appellate review of an ineffective assistance of counsel claim begins with a presumption of competence, and the burden is upon the defendant to demonstrate both a deficient performance and resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 687–89, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984). If such a claim can be disposed of on the ground of lack of prejudice, an appellate court need not de-

termine whether trial counsel's performance was deficient. *Id.* at 697, 104 S.Ct. 2069. Having carefully reviewed appellant's claims in light of the entire record, we find he has not established "a reasonable probability that, but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068. This assignment is without merit.

The judgment and sentence is AFFIRMED.

BRETT, P.J., and BUSSEY, J., concur.