David Lee **HILER**, Appellant,

v.

The **STATE** of **Oklahoma**, Appellee.

No. F–88–40.

Court of Criminal Appeals of Oklahoma.

Aug. 7, 1990.

Gregory Meier Richardson, Meier, McKenzie & Associates, P.C., Tulsa, for appellant.

Robert H. Henry, Atty. Gen. and Sandra D. Howard, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

David Lee Hiler, appellant, was tried by jury for the crime of Murder in the First Degree (21 O.S.Supp.1982, § 701.7(A)) in

the District Court of Cherokee County, Case No. CRF–86–238. The jury returned a verdict of guilty and set punishment at life imprisonment. The trial court sentenced appellant accordingly. From said Judgment and Sentence, appellant has perfected this appeal.

This case arises from the shooting death of Mark Owen Richardson on September 9, 1986. In May of 1986, appellant, his wife, Cindy, and their two children moved to Tahlequah, Oklahoma, where appellant operated a small tavern. The following month, appellant's ex-wife, Kelly Woods, and appellant's son also moved to the Tahlequah area. Thereafter, Cindy and her children moved away and Ms. Woods and her child moved in with appellant.

On the morning of September 9, 1986, appellant's wife telephoned him at his tavern. Ms. Woods was infuriated by the conversation and left the establishment in appellant's pickup truck. When she returned that afternoon, appellant told Ms. Woods not to attend a rodeo activity at the David Bailey ranch, which was located a short distance from appellant's tavern. Despite appellant's instructions, Ms. Woods drove to the ranch. Later in the afternoon, Ms. Woods returned to the tavern to buy beer for men at Bailey's. Appellant refused to sell her the beer and Ms. Woods left. When she returned at approximately 9:00 p.m., Ms. Woods and appellant had an argument, during which appellant took the truck keys away from Woods, pushed her around, threw her to the ground and kicked her. Ms. Woods left on foot and was picked up shortly thereafter by an acquaintance, Mark Richardson. After stopping for a brief period at Richardson's home, the two proceeded to the Bailey Ranch. During their trip, Richardson expressed anger at Ms. Woods revelation that appellant had assaulted her.

Upon arriving at the ranch, Richardson and Woods noticed that appellant's truck had pulled in and parked near their vehicle in the rodeo arena parking lot. Thereupon, Richardson exited his car, walked to the passenger side of appellant's truck, stuck his head inside the open window, and stated, "What is going on here, David. How come you want to beat up on her like that. There is no sense in that." Appellant then got out of his truck, carrying a .38 caliber revolver, walked to the passenger side of the vehicle and stated, "Don't give me any shit, I just want to take her home." When Richardson turned to walk away, appellant shot him in the left side of the abdomen. Seconds later, appellant fired another shot which pierced Richardson's eye. Appellant then unloaded the weapon, threw the bullets into a nearby field and waited for law enforcement officials. He was thereafter arrested without incident.

■ In his first assignment of error, appellant asserts that reversible error occurred when the prosecution introduced evidence of other crimes. Specifically, he avers that the State failed to provide prior notice that it intended to introduce evidence that appellant assaulted and battered Kelly Woods on the day of the murder. This Court has consistently held that the purpose of the notice requirement is to ensure against surprise on the part of the defense and to allow time for the defense to be heard prior to the information being placed before the jury. *Drew v. State*, 771 P.2d 224, 229 (Okl.Cr.1989); *Scott v. State*, 663 P.2d 17, 19 (Okl.Cr.1983). In the present case, the State introduced the preliminary hearing testimony of Ms. Woods to provide the information concerning the scuffle. Accordingly, we are not convinced that the defense was surprised by the introduction of said evidence.

Moreover, we find that the testimony concerning the fight between appellant and Ms. Woods was clearly admissible as part of the entire transaction which culminated in the murder of Mark Richardson. "When another crime so closely related in time to the offense charged is entered into evidence at trial, the element of surprise is not present and the purpose behind the notice requirement is not served." *Scott*, 663 P.2d at 19. No notice is required if the other offense is "actually a part of the res gestae of the crime charged...." *Reyes v. State*, 751 P.2d 1081, 1083 (Okl.Cr.1988) (quoting *Burks v. State*, 594 P.2d 771, 774

(Okl.Cr.1979)). This assignment of error is without merit.

◼ In his second assignment of error, appellant makes several attacks on the use of Kelly Woods' preliminary hearing testimony at his trial. Specifically, appellant contends that such testimony deprived him of his right to confrontation, that no evidence was introduced to prove that Ms. Woods was unavailable, and that the State should not have been permitted to introduce Woods' testimony in its case-in-chief. The record indicates that Ms. Woods testified as a defense witness at appellant's preliminary hearing. The State sought to admit her testimony at trial via transcript, alleging that Ms. Woods was living in California, was pregnant, and had been instructed by her doctor not to travel. At that time, defense counsel did not object to Woods' testimony as being inadmissible per se, but merely asserted that the defense, not the State, should have been allowed to introduce such evidence in its case-in-chief. The trial court overruled appellant's objection and Ms. Woods' testimony was read to the jury. However, the defense was permitted to reoffer the now disputed testimony on behalf of appellant at the close of its own case-in-chief.

With respect to the first two sub-propositions set forth above, we find that appellant has waived these issues for review. Defense counsel not only failed to specifically object to the admissibility of Woods' testimony, but introduced the same on behalf of appellant. *See Hughes v. State*, 762 P.2d 977, 979 (Okl.Cr.1988) ("When a specific objection is made at trial to the admission of evidence, no different objection will be considered on appeal."); *Rushing v. State*, 676 P.2d 842, 850 (Okl.Cr.1984) ("[W]hen a defendant objects to the introduction of evidence which is admitted, and then introduces the same evidence himself, it is no ground for reversal, even if the evidence was incompetent."). Notwithstanding appellant's waiver of these issues, we hold that appellant's right to confrontation was not abridged through the use of Ms. Woods' preliminary hearing testimony and that the prosecution's uncontroverted

assertion was sufficient to show that Woods was unavailable to testify. *See Munson v. State*, 758 P.2d 324, 333 (Okl. Cr.1988), *cert. denied* 488 U.S. 1019, 109 S.Ct. 820, 102 L.Ed.2d 809 (1989); 12 O.S. 1981, § 2804(A)(4) and (B)(1).

◼ In support of his final sub-proposition, appellant maintains that the State should never be permitted to use the testimony of a preliminary hearing defense witness in its case-in-chief at trial, because it "has a chilling effect upon a defendant's use of the preliminary hearing process." However, appellant has cited no authority to support this argument. Absent fundamental error, this Court will not address assignments unsupported by relevant citations of authority. *Cooper v. State*, 765 P.2d 1211, 1214 (Okl.Cr.1988). We find no fundamental error.

◼ Appellant next asserts that the trial court erred in denying his motion to reduce the charge to First Degree Manslaughter at the conclusion of the State's case-in-chief. He specifically claims that there was insufficient evidence to establish that appellant possessed a premeditated design to effect the death of Mark Richardson. We disagree.

This Court has held that it is the exclusive province of the jury to weigh the testimony and circumstances to determine malice aforethought. *Carter v. State*, 698 P.2d 22, 24 (Okl.Cr.1985). The instant record discloses that sufficient evidence was presented on the element of premeditation/malice for the jury to resolve the issue. The State's evidence established that appellant retrieved a pistol from his business and drove to the Bailey Ranch, that he exchanged words with the victim, that he confronted the victim with the weapon, that the victim began to walk away, and that he shot the victim in the abdomen and then in the head without adequate provocation. "There was ample time for [appellant] to have sufficiently premeditated the killing, as we have held that sufficient premeditation to murder can be formed in a mere instant." *Id.* On the basis of the foregoing, we hold that the trial court did not

err in refusing to reduce appellant's charge.

■ As his fourth assignment of error, appellant blindly asserts that the trial court erred in refusing to give an instruction "18a" allegedly offered by defense counsel. Appellate counsel concedes that no such proffered instruction appears in the record, that counsel was unable to locate the same as of the date appellant's brief was filed (November 18, 1988), that the only reference to such instruction appears in trial counsel's Designation of Record, and that the record does not reveal whether trial counsel actually requested the instruction because that portion of the trial proceedings was not transcribed. Counsel states merely that he "raises this matter in the hopes that said instruction may be found and the matter supplemented to the Court for review at a later date." To date, no such instruction has been presented to this Court for review. In that defense counsel has a duty to ensure that sufficient record is provided to determine issues raised on appeal and because this Court will not assume error from a silent record, *Chambers v. State*, 764 P.2d 536, 537 (Okl.Cr.1988), this assignment must fail.

■ Appellant next complains that several prosecutorial statements made in closing argument constituted reversible error. Because none of the comments at issue were met with an objection, all but fundamental error has been waived. *Johnson v. State*, 751 P.2d 196, 197 (Okl.Cr.1988). Of particular import, appellant assigns as error the prosecutor's praise of the victim in defending Ms. Woods. We recognize that such comments were made in direct response to defense counsel's repeated remarks that people should not "stick [their] nose" into other's domestic disputes. We wish to reiterate, however, that prosecuting attorneys should refrain from attempting to appeal to the passions and prejudices of the jury. *See Cooks v. State*, 699 P.2d 653, 660 (Okl.Cr.1985), *cert. denied* 474 U.S. 935, 106 S.Ct. 268, 88 L.Ed.2d 275 (1985). Notwithstanding, we find that none of the prosecutorial comments at issue, nor their cumulative effect, amount to

fundamental error. A thorough review of the record reveals that the prosecutor's statements did not determine the verdict, result in a miscarriage of justice, or deprive appellant of a substantial right. *See* 20 O.S.1981, § 3001.1.

■ In appellant's sixth assignment, he claims that the trial court erred in failing to grant a mistrial because of purported improper contact by the bailiff with the jury. The record reveals that, during deliberations, the jury sent a note to the trial court requesting that they be supplied with cokes and coffee. Thereupon, the bailiff delivered the requested items and removed some trash. The record does not disclose whether defense counsel was present when the court received the note and instructed the bailiff, if in fact the bailiff was so instructed, or whether the bailiff completely entered the jury room in performing the aforestated tasks. Defense counsel apparently objected to the bailiff's actions and made a record of the same at the close of trial. At that time, the trial judge acknowledged that he had spoken to the bailiff, but reserved ruling on the matter until a complete record could be made at a later date. No such record appears within the documents or transcripts filed in this case.

Title 22 O.S.1981, § 857, provides, *inter alia*, that no officer of the court may speak to or communicate with the jury during deliberations, unless it be by order of the court. This Court has stated, "It is well settled that any unauthorized communication to a juror during deliberations is presumed prejudicial with the burden clearly on the State to prove defendant was not prejudiced by a violation of 21 O.S.1981, § 857, which forbids illegal communications with jurors during their deliberations." *Martin v. State*, 714 P.2d 602, 603 (Okl.Cr.1986). *See also Scott v. State*, 448 P.2d 272, 275 (Okl.Cr.1968) (unauthorized communication by bailiff during deliberations).

In support of his argument, appellant claims that a presumption of prejudice necessarily resulted from the bailiff's actions and that the record is void of any offer by the State to rebut the same. We note,

however, that the record is also silent as to whether the actions of the bailiff were "unauthorized." Furthermore, the record is unclear as to whether the bailiff even "communicated" with the jury within the meaning of § 857 when he delivered the beverages, notwithstanding this Court's recognition that "communication" encompasses more than spoken or written words. *See Lowrey v. State,* 87 Okl.Cr. 313, 197 P.2d 637, 652 (1948). There can be no question that the State bears the burden of rebutting any presumption of prejudice when a violation of § 857 has been shown. However, some threshold showing that an "unauthorized communication" occurred must be established before the State's burden of proof arises. As previously stated, defense counsel has the duty to ensure that sufficient record is provided to determine the issues raised on appeal. *Chambers,* 764 P.2d at 537. Because the present record does not provide sufficient facts to determine whether the bailiff violated § 857, we cannot say that the alleged failure of the State to meet its burden of proof resulted in reversible error.

In his seventh assignment of error, appellant asserts that he was denied effective assistance of counsel at trial. Appellant cites the following examples as illustrative of trial counsel's deficient performance: (1) Counsel failed to object to the introduction of other crimes evidence, (2) failed to object to the introduction of State's exhibits 1–12, (3) wrongfully abandoned an objection to the introduction of a bullet, (4) wrongfully readmitted the preliminary hearing testimony of Kelly Woods on behalf of appellant, (5) failed to make a record of instructions offered and refused, and (6) failed to object to several prosecutorial comments in closing argument.

Appellate review of an ineffective assistance of counsel claim begins with a presumption of competence, and the burden is upon the defendant to demonstrate both a deficient performance and resulting prejudice. *Strickland v. Washington,* 466 U.S. 668, 687–89, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984). If such a claim can be disposed of on the ground of lack of prejudice, an appellate court need not determine whether trial counsel's performance was deficient. *Id.* at 697, 104 S.Ct. at 2069.

*Blake v. State,* 765 P.2d 1224, 1225–26 (Okl.Cr.1988). *See also Guance v. State,* 751 P.2d 1074, 1076 (Okl.Cr.1988). Having previously determined that the other crimes evidence and the preliminary hearing testimony of Ms. Woods were properly admitted, that appellate counsel has failed to provide sufficient record concerning alleged offered instructions, and that the prosecutor's statements were not verdict determinative, we shall address only example numbers (2) and (3) listed above.

With respect to example number (2), appellant contends that State's exhibits 1–12, which are purported to be photographs of the victim, are cumulative and inflammatory. Initially, we note that photographs are admissible if they are relevant and if their probative value is not outweighed by their prejudicial impact. *Lamb v. State,* 767 P.2d 887, 891 (Okl.Cr. 1988). Furthermore, the admissibility of photographs rests within the sound discretion of the trial court and its decision will not be reversed absent abuse of that discretion. *Id.* However, we note that appellate counsel has again failed to supply this Court with a sufficient record concerning the disputed issue. Because the photographs now complained of do not appear in the instant record, appellant has waived this issue for review. *Chambers,* 764 P.2d at 537.

Finally, we hold that appellant has failed to demonstrate prejudice as a result of defense counsel's failure to object to the introduction of the aforementioned bullet. On the basis of the foregoing, we find that appellant was not denied effective assistance of counsel. This assignment is, therefore, without merit.

Finding no error warranting reversal, and recognizing that the minimum term of incarceration for conviction of First Degree Murder is life imprisonment, *see* 21 O.S. 1981, § 701.9(A), we AFFIRM appellant's Judgment and Sentence. Thus, appellant's final assignment of error, in which he

**352**

prays for reversal or, in the alternative, modification of his sentence, is deemed meritless.

LANE, V.P.J., and BRETT, LUMPKIN and JOHNSON, JJ., concur.