**Marty Ray DYER, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–89–494.**

Court of Criminal Appeals of Oklahoma.

Aug. 2, 1991.

Celo J. Harrel, Elk City, Trial Counsel and Cindy G. Brown, Asst. Appellate Public Defender, Norman, Appellate Counsel for appellant.

Mathew Salter, Timothy P. Israel, Asst. Dist. Attys., Sayre, Trial Counsel, and Robert H. Henry, State Atty. Gen., and Elizabeth J. Bradford, Asst. Atty. Gen., Oklahoma City, Appellate Counsel for appellee.

## OPINION

PARKS, Judge:

Marty Ray Dyer, appellant, was tried by jury and convicted of Cultivation of Marijuana (63 O.S.Supp.1987, § 2–509(B)), in Beckham County District Court Case No. CRF–88–51. In accordance with the jury's recommendation, appellant was sentenced to seven (7) years imprisonment and assessed a fine of twenty-five thousand dollars ($25,000.00). From this Judgment and Sentence, appellant appeals.

The record reveals that appellant and his father lived in the father's home in Carter, Oklahoma. Appellant had occupied a bedroom in the residence until a misunderstanding resulted in appellant moving into a detached storm cellar located a short distance from the house. After arresting appellant on an unrelated charge in late April, 1988, Beckham County deputy sheriffs obtained permission from appellant's father to search his home and the cellar. The officers discovered several live marijuana plants and a bag of suspected marijuana seeds in appellant's old bedroom in the house, and found a bag of marijuana and a pipe in the cellar.

As his first assignment of error, appellant contends that his father lacked authority to consent to the search of the cellar. In *United States v. Matlock*, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974), the Supreme Court addressed the issue of whose consent will constitute an effective waiver of the Fourth Amendment's warrant requirement. The Court held that when the State seeks to justify a warrantless search by proving consent, it may show that consent was obtained from a third party who possessed common authority over, or sufficient relationship to, the premises or property to be searched. *Id.* at 170, 94 S.Ct. at 993.

> Common authority is, of course, not to be implied from the mere property interest a third party has in the property. The authority which justifies the third-party consent does not rest upon the law of property, with its attendant historical and legal ramifications, but rests rather on mutual use of the property by persons

generally having joint access or control for most purposes, so that it is reasonable to recognize that any of the coinhabitants has the right to permit the inspection in his own right and that others have assumed the risk that one of their number might permit the common area to be searched.

*Id.* at 171 n. 7, 94 S.Ct. at 993 n. 7 (citations omitted). *See also Sullivan v. State,* 716 P.2d 684, 686 (Okl.Cr.1986).

We find the circumstances in the instant case to be substantially similar to the facts presented in *Nelson v. State,* 564 P.2d 254 (Okl.Cr.1977). There, this Court upheld the consent of a stepfather to search a small house on his property in which the appellant lived. Relying on *Matlock,* we held:

The facts show that the small house was used no differently from an extra bedroom to the stepfather's residence. Defendant slept in the small house but paid no rent and owned none of the building's contents. He ate his evening meals, kept his clothing and also bathed in the large house. Even the very circumstances of defendant's changing his sleeping place to the small house suggest he merely "changed rooms" for the convenience of his mother's baby sitting business.... In sum, defendant had no more control or exclusive right over the small house than he did over a bedroom in the large house when he stayed there. In this Court's opinion the stepfather still had access and control for most purposes over the small house at the time he consented to its warrantless search. Therefore, the consent to search was valid....

*Nelson,* at 257.

■ In the present case, appellant slept in the cellar and owned some of its contents, but did not pay rent. He ate some of his meals, kept most of his clothing and bathed some of the time in his father's house. Testimony disclosed that appellant moved into the cellar because his activities in entering and leaving the house at late hours disturbed his father. Moreover, the father testified that he and appellant had an agreement that the father could enter the cellar at any time. Notwithstanding that the father did not often exercise this right, we find that the father still had joint access and control over the cellar at the time he consented to its search. Accordingly, we find that the father's consent was valid.

■ As his second assignment of error, appellant argues that two instances of prosecutorial misconduct deprived him of a fair trial. Because neither of the alleged improper comments was met with an objection, all but fundamental error has been waived. *Hiler v. State,* 796 P.2d 346, 350 (Okl.Cr.1990); *Johnson v. State,* 751 P.2d 196, 197 (Okl.Cr.1988). We have reviewed the comments at issue and conclude that they do not rise to the level of fundamental error.

■ Appellant finally maintains that his fine should be modified because it is excessive and because he is indigent. We first note that the imposition of the fine was in accordance with 63 O.S.Supp.1987, § 2-509(D), which authorizes a fine of not more than fifty thousand dollars ($50,000.00). "Thus, the trial court was not unduly punishing the appellant but merely following the dictates of the statute." *Armstrong v. State,* 742 P.2d 565, 567 (Okl.Cr.1987). With respect to the later argument, appellant does not contend, nor does the Judgment and Sentence dictate, that the fine is currently due. "While the appellant may presently be an indigent, this Court has no way of knowing his financial status at the time the fines are due to be paid. This issue is prematurely raised." *Id.*

Finding no error warranting modification or reversal, the Judgment and Sentence is AFFIRMED.

LANE, P.J., LUMPKIN, V.P.J., and BRETT and JOHNSON, JJ., concur.